**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

DAVID MCDOWELL ROBINSON,       :
                                                                  Civil Action No. 08-3562 (RMB)
       Petitioner,    :

       v.                      :           **O P I N I O N**

WARDEN J. GRONDOLSKY,           :

       Respondent.    :

**APPEARANCES:**

David McDowell Robinson, Pro Se
#1727037
F.C.I. Fort Dix
P.O. Box 7000
Fort Dix, NJ 08640

**BUMB**, District Judge

    Petitioner David McDowell Robinson, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner also filed a document labeled "Motion for Summary Judgment."  (Docket entry 2).

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice.  See 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

## BACKGROUND

According to the allegations of the petition and the docket of Petitioner's underlying criminal case, on May 2, 2008, Petitioner was sentenced by the United States District Court, District of Maryland, to 188 months imprisonment for mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343.  His appeal of his conviction and sentence is currently pending in the United States Court of Appeals for the Fourth Circuit.  Petitioner has not yet filed any motion to correct, set aside, or vacate his sentence, pursuant to 28 U.S.C. § 2255.

This petition was filed on July 16, 2008.  Petitioner asserts that he is entitled to seek relief pursuant to 28 U.S.C. § 2241, because he is "actually innocent" of the crimes for which he was convicted.  Specifically, Petitioner argues:

> After my conviction, I discovered that counsel and the District Court failed to advise me that mere silence or non-disclosure, in itself, with or without a fiduciary duty to disclose material information, is not cognizable under the mail and wire fraud statutes.  If I had received due notice of this information, I would not have accepted a guilty plea and insisted in proceeding to trial to prove my "actual innocence."  Needless to say, private, confidential information

>    regarding my past criminal conviction occurring over 10
>    years ago is not "material" to the alleged offenses.
>
>    The facts in my case prove my "actual innocence"
>    because there is no "active concealment" of "material"
>    information in my case.  Therefore, an essential
>    element of the crime cannot be proved by the government
>    beyond a reasonable doubt.  Undoubtedly, it is more
>    likely than not that no reasonable juror would have
>    convicted me.  My guilty plea and conviction results in
>    the denial of due process under the United States
>    Constitution and a "miscarriage of justice."

(Petition, p. 3).

## DISCUSSION

**A.    Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also 28 U.S.C. §§ 2243, 2255.

Petitioner contends that he is entitled to habeas relief pursuant to 28 U.S.C. § 2241.  However, as noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

In this case, the sentencing court was the United States District Court for the District of Maryland.  Thus, a § 2255 motion must be brought before that Court.

A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing Court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).[2]

In this case, Petitioner's judgment of conviction has not yet become final, as his appeal is pending in the Fourth Circuit. See Kapral v. United States, 166 F.3d 565, 570 -571 (3d Cir. 1999)(holding that "a judgment of conviction does not become 'final' within the meaning of § 2255 until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari"). Thus, § 2255 relief

---

[2] Petitioner should note that once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law. See 28 U.S.C. § 2255(h).

remains available to Petitioner to assert his challenges in the sentencing court.  This Court lacks jurisdiction over Petitioner's claims, as they are more properly brought in a § 2255 motion, not in a § 2241 habeas petition.[3]

**B.    Transfer**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because it appears that Petitioner's potential § 2255 motion can be timely brought in the sentencing court, it does not appear that transfer would be in the interest of justice.  Accordingly, the petition will be dismissed, without prejudice, for lack of jurisdiction.  Petitioner may file a motion, pursuant to 28 U.S.C. § 2255, in the sentencing court in accordance with the law.

---

[3]  Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  28 U.S.C. § 2255(e). However, in this case, Petitioner has not demonstrated that § 2255 would be inadequate or ineffective in his case.  Further, Petitioner is not barred by the procedural aspects of § 2255, as his conviction is not yet final.

## **CONCLUSION**

For the reasons set forth above, this action will be dismissed without prejudice.  Petitioner's motion for summary judgment will also be dismissed.  An appropriate order follows.


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        United States District Judge

Dated: July 30, 2008